**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

KURT MUELLER,                              )
                                          )
    Plaintiff,                             )
                                          )
    v.                                     )     Civil Action No. 1:15-CV-847 (LMB/TCB)
                                          )
U.S. PATENT AND TRADEMARK                  )
OFFICE, ET AL.,                            )
                                          )
    Defendants.                            )
_____           )

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

    Defendants, U.S. Patent and Trademark Office, Michelle Lee, Under Secretary of Commerce for Intellectual Property and Director of the USPTO, and Margaret Focarino, former Commissioner for Patents, (collectively "USPTO" or "Agency"), by counsel, respectfully submit this reply memorandum of law in support of their motion to dismiss.

### INTRODUCTION

    Plaintiff is a patent examiner at the USPTO and brings a breach of contract action against the Agency alleging that the USPTO failed to follow certain timing requirements of the collective bargaining agreement ("CBA") between the USPTO and one of the Agency's unions in responding to grievances Plaintiff filed regarding personnel decisions.   The USPTO moved to dismiss Plaintiff's complaint because it is moot, the CBA does not allow for the relief he requests, his claims are precluded by the Civil Service Reform Act ("CSRA") which does not allow for employees to bring suits to enforce collective bargaining agreements in federal court, and alternatively because Plaintiff failed to establish this Court's jurisdiction under 28 U.S.C. § 1346(a)(2) (Little Tucker Act ) or 28 U.S.C. §1331.

1

As an initial matter, in his opposition, Plaintiff attempts to introduce a collective bargaining agreement that was invalidated by the Federal Labor Relations Authority ("FLRA").[1] Additionally, he alleges his claims are not moot because he purportedly did not receive a response to his February 27, 2015 exception letter.  However, on September 18, 2015, the Agency responded to that letter.  Reply Exhibit ("Ex.") 1.  There is simply no case or controversy remaining for this Court to decide.  Even if his claims were not moot, the CSRA precludes suits to enforce collective action agreements against federal government agencies in federal court.  In arguing that the CSRA does not preclude his breach of CBA claims, Plaintiff ignores case law from this Court along with the well accepted statutory construction doctrine of *expressio unius est exclusio alterius*, which translates roughly as "the expression of one thing is the exclusion of other things."  That Congress explicitly provided a remedy for breach of collective bargaining agreement for private sector employees and later declined to include such a remedy for public sector employees is dispositive.  Case law and legislative history makes clear that Plaintiff's claims are precluded by the CSRA.  Lastly, Plaintiff's opposition still fails to show the existence of a contract between himself and the Agency or entitlement to a claim for money damages.  Plaintiff's obfuscations are irrelevant.  As detailed below, utilizing appropriate legal standards the result is clear: the USPTO is entitled to a dismissal because Plaintiff has not established this Court's subject matter jurisdiction over this action.

## I.  Plaintiff Has Failed to Show That He Has a Live Case or Controversy

In his Complaint, Plaintiff sought injunctive relief due to the Agency's alleged failure to respond to two documents he submitted to the Agency: a formal grievance and a document titled

---

[1] *See USPTO v. POPA*, 2005 WL 974714, *7 (F.L.R.A. April 22, 2005) (finding that the collective bargaining agreement with the term that commenced July 1, 1986 is the operative agreement).  As the Federal Labor Relations Authority held, the collective bargaining agreement appended to the USPTO's opening memorandum as DEX 1 is the operative agreement.

"Exceptions resulting from the denial of Partial Signatory Authority" (hereinafter "exceptions letter"). The Agency has now responded to both submissions. As such, this case is plainly moot.

As discussed in the USPTO's opening brief, the Agency rendered a decision on Plaintiff's formal grievance on August 13, 2015. Dkt. No. 7 (Defendants' Motion to Dismiss Memorandum), Ex. 11. In his opposition, Plaintiff's only response to the USPTO's mootness argument is that he had "not yet received a response to the exceptions letter filed on February 27, 2015." Opp. at 4. Although the USPTO had no obligation to respond to the exceptions letter, *see* Dkt. No 7, n. 5., on September 18, 2015, it did so. Reply Ex. 1. Accordingly, Plaintiff no longer has a live case or controversy justifying injunctive relief. Because Plaintiff has not met his burden of demonstrating a live case or controversy justifying injunctive relief, his complaint must be dismissed.

## II.   Plaintiff Has Not Established This Court's Jurisdiction Over his Breach of CBA Claims

Even if this case were not moot, the Court still would lack jurisdiction over Plaintiff's breach of contract claim. In the face of extensive authority cited by the USPTO establishing that this Court does not have jurisdiction to adjudicate a claim by a federal employee arising out of the alleged breach of a CBA, Plaintiff fails to cite a single case in which a court has exercised jurisdiction in such circumstances.

### A.   The CSRA is the Exclusive Review Scheme for the Federal Employment Relationship and Precludes Plaintiff's Claims

As discussed in the opening brief, the salient fact here is that Plaintiff's breach of contract claims arise out of the federal employment relationship. However, it is well-established that the CSRA is the "exclusive statutory remedy for claims arising out of the federal employment relationship," regardless of whether Plaintiff brings his complaint under a theory of tort or breach of contract. *See Hall v. Clinton,* 235 F.3d 202, 206 (4th Cir. 2000). Courts have held that breach

of collective bargaining agreement actions such as Plaintiff's fall within the CSRA's exclusive remedial scheme, thereby precluding federal courts from exercising jurisdiction over such claims. *See e.g., Wiley v. Shell,* No. 13-5310, 2014 WL 2209011 (D.C. Cir. Apr. 17, 2014) (finding the district court properly dismissed breach of the collective bargaining agreement action for lack of subject matter jurisdiction "because the exclusive remedial scheme of the Civil Service Reform Act provides for judicial review, if at all, *only* in the appropriate court of appeals, not in district court"); *Filebark v. U.S. Dep't of Transp.,* 555 F.3d 1009, 1010 (D.C. Cir. 2009) (finding that FAA employees' breach of collective bargaining agreement claims were precluded by the CSRA); *Blankenship v. Lynch,* 3:14cv620-MHL,*11-14 (E.D.Va. Sept. 17, 2015) (finding no subject matter jurisdiction over breach of CBA claim) (opinion attached as Reply Ex. 2); *Price v. Lynch,* 3:14-cv-00619-MHL,*11-14 (E.D.Va Sept. 17, 2015) (same) (opinion attached as Reply Ex. 2).

In *Rivera v. Holder,* another member of this Court noted that "collective bargaining agreement which included a set of grievance procedures … appear[ed] to fall within the purview of the [CSRA]" and that "[t]he CSRA does not expressly confer federal court jurisdiction over employment-related claims covered by the negotiated grievance procedures of federal employees' collective bargaining agreement." *Rivera v. Holder*, Civil Action No. 3:10CV544–HEH, 2010 WL 5187929, *3 n. 7 (E.D. Va. Dec. 14, 2010) (citing *Whitman v. Dep't of Transp.,* 547 U.S. 512, 513-14 (2006)). This Court also noted that "[s]everal [other] courts have held that, to the extent that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waives sovereign immunity and authorizes federal district courts to hear contract claims against the government of $10,000 or less, the *CSRA in effect trumps that consent to suit and prevents federal district courts from exercising jurisdiction over claims for breach of a collecting bargaining agreement between a*

4

*union and an agency of the federal government.*" *Id.* (citing *Sample v. United States,* 838 F. Supp. 373, 375–77 (N.D.Ill. 1993) (emphasis added); *Yates v. United States Soldiers' & Airmen's Home,* 533 F. Supp. 461, 462 (D.D.C.1982)).

Contrary to Plaintiff's contention that he would lack any remedy if the Court were to find that the CSRA precludes jurisdiction, Plaintiff has a remedy if the Agency fails to live up to its collective bargaining agreements.  The union can pursue the matter, and if the union fails to live up to its duty of representation, Plaintiff can pursue the union.  *See Filebark v. U.S. Dep't of Transp.,* 555 F. 3d 1009, 1014 (D.C. Cir. 2009).  But, what he cannot do is pursue the matter against the Agency in this Court, regardless of whether he likes the available remedy or not. Allowing such a challenge in this Court is antithetical to Congress' goal of replacing the "patchwork" system that predated the CSRA and should not be permitted.  Moreover, because the union can hold the Agency accountable for failing to abide by a CBA, Plaintiff's repeated contention that agencies would simply "place [employee grievances] in a drawer and forget about [them]" is pure hyperbole.  Opp. at 8.  It is also counterfactual, as the USPTO has responded to Plaintiff's own grievances and exceptions letter.

Furthermore, Plaintiff conveniently ignores the fact that neither the CSRA nor its legislative history contains any indication that Congress intended that federal labor dispute claims, including claims based on collective bargaining agreements, be brought in federal district court.  In fact, the legislative history reveals the exact opposite.  As one Court has observed, Congress "intentionally provided and intentionally chose not to provide particular forums and procedures for particular kinds of claims."  *Am. Fed'n of Gov't Emps. v. Sec'y of the Air Force*, 716 F.3d 633, 636 (D.C. Cir. 2013).  The fact that Congress explicitly provided a mechanism for private sector employees to bring breach of collective bargaining agreement actions against their

private employers, considered a similar provision for public employees, and did not provide a similar mechanism for public sector employees when it enacted the CSRA is dispositive. *See* 29 U.S.C. § 185(a); *Yates,* 533 F. Supp. at 464 (citing H.R. Rep. No 95-1403, 95th Cong., 2d Sess., 286 (1978) and H.R. Rep. No. 95-1717, 95th Cong., 2d Sess., 157 (1978)).  That rejection makes clear that "Congress intended that disputes involving the interpretation and enforcement of collective bargaining agreements be resolved through the grievance/arbitration machinery." *Id.* "The maxim '*expressio unius est exclusio alterius* ' — which translates roughly as "the expression of one thing is the exclusion of other things"— is a venerable canon of statutory construction, and that maxim is directly applicable here." *United States v. Buchanan,* 638 F.3d 448, 449 (4th Cir. 2011).  While Plaintiff may believe that a well-established cannon of construction is "as dangerous as it is absurd," Opp. at 9, the fact remains that the CSRA precludes this Court from exercising jurisdiction under the Little Tucker Act.

### III.     Even if Plaintiff's Claims Are Not Precluded by the CSRA, Plaintiff has Not Established this Court's Jurisdiction Under the Little Tucker Act or Section 1331

In the opening brief, the USPTO also argued that Plaintiff has not pled facts to show the existence of an enforceable contract between himself and the United States because the CBA was an agreement between the USPTO and the Patent Office Professional Association ("POPA"). *See* Dkt. No. 7, Part III.A.  Plaintiff seems to argue that because the CBA provides Plaintiff with a right to file a grievance, somehow that makes him a party to the contract.  It does not.  *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed. Cir 2004) (finding that Appellants were not a party to the CBA, notwithstanding Appellant's argument that they were third party beneficiaries of the CBA).  Plaintiff is not a party to the CBA and cannot "base a claim for money damages against the United States on a contract to which they are not a party." *Id.*  Plaintiff has not cited any authority to the contrary.

6

Plaintiff requests to amend his complaint to assert a right to the back pay he would have received if he had received a promotion. Opp. at 9. Any such amendment would be futile and therefore leave to amend should not be granted. *See Ambush v. City of Fredrick,* Civil No. WDQ–10–1953, 2011 WL 232031 (D. Md. Jan. 24, 2011) (citing *Steinburg v. Chesterfield Cnty. Planning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008)) ("Leave to amend should be denied if the amendment would be 'futile.'"). As an initial matter, such amendment would not cure the other jurisdictional defects of his complaint: its mootness and the preclusion of his claims by the CSRA. Additionally, for Plaintiff to be entitled to the back pay he now requests, he would have to be retroactively promoted – an equitable remedy. But, as stated in the USPTO's opening brief, the Little Tucker Act does not empower district courts to grant injunctive or declaratory relief. *See* Dkt. No. 7, Part III.A. Thus, this Court does not have jurisdiction to grant Plaintiff the promotion he requests under the Little Tucker Act.

In *Randall v. United States*, the plaintiff, a federal employee, challenged the denial of a promotion under the Little Tucker Act. *Randall v. United States,* 95 F. 3d 339 (4th Cir. 1996). The Fourth Circuit upheld the District Court's rejection of Plaintiff's use of the Tucker Act for injunctive relief. *Id.* at 347-348. The Fourth Circuit further noted that the "Plaintiff has no present claim for back pay because he is still serving in the Army without a loss of his position or pay" and that the "district court would have no authority to order the Secretary of the Army to promote Plaintiff[.]" *Id.* at 348. Similarly, here, "[b]ecause Plaintiff cannot receive a court-ordered retroactive promotion, there is no basis for back pay in this case and, therefore, no monetary damages on which to premise jurisdiction under the Tucker Act." *Id.*

Alternatively, Plaintiff requests to amend his complaint to add "nominal damages in order to maintain [Little Tucker Act] jurisdiction." Opp. at 9. This amendment would also be

futile, not only because this case is moot and the CSRA precludes the Court from exercising

Tucker Act jurisdiction, but also because the government has not consented to suits for breaches

of contract involving nominal damages. *See Severin v. United States,* 99 Ct. Cl. 435, 443 (Ct. Cl.

1943), *cert. denied*., 322 U.S. 733 (1944) (Plaintiffs have the burden of proving that they

suffered actual damages for breach of contract claims against the US government); *see also*

*Nortz* v. *United States,* 294 U. S. 317, 327 (1935); *Great Lakes Construction Co.* v. *United*

*States,* 95 Ct. Cl. 479, 502 (Ct. Cl. 1942). Plaintiff is not entitled to money damages and may

not establish Little Tucker Act jurisdiction for nominal damages. In sum, Plaintiff has failed to

show the elements required to establish Little Tucker Act Jurisdiction.[2]

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss

Plaintiff's action in its entirety for lack of subject matter jurisdiction.


Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

LAUREN A. WETZLER
CHIEF, CIVIL DIVISION
Assistant United States Attorney


By:    _____/s/_____
CHIEKO CLARKE

---

[2] Plaintiff has not addressed the USPTO's argument that he cannot use the federal question
statute alone to establish jurisdiction over his breach of collective bargaining agreement claim,
and therefore has conceded this issue. *See Bartley v. Merrifield Town Ctr. Ltd. P'ship*, 580 F.
Supp. 2d 495, 500 (E.D. Va. 2008); *see also Caner v. Autry*, 16 F. Supp. 3d 689, 704 (W.D. Va.
2014) ("Many district courts in this circuit and others, including on motions to dismiss, have
recognized the general principle that a party who fails to address an issue has conceded the
issue." (internal quotation marks omitted)).

Special Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:     (703) 299-3770
Fax:               (703) 299-3983
Email:            chieko.clarke@usdoj.gov

ATTORNEYS FOR DEFENDANT

DATE:              September 28, 2015

OF COUNSEL:       Heidi Bourgeois, Attorney Advisor, United States Patent and Trademark
                  Office

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 28, 2015, I filed a copy of the foregoing with the

Clerk's Office and will cause to be delivered, by first class mail, a copy of the foregoing to the

following:

> Kurt Mueller
> 5870 Cameron Run Terrace
> Apartment 909
> Alexandria, VA 22303
> *Pro Se Plaintiff*

Date: September 28, 2015

                                    _____/s/_____
                                    CHIEKO CLARKE
                                    Special Assistant United States Attorney
                                    2100 Jamieson Avenue
                                    Alexandria, VA 22314
                                    Telephone: (703) 299-3770
                                    Fax: (703) 299-3983
                                    Email: chieko.clarke@usdoj.gov

                                    ATTORNEY FOR DEFENDANTS