IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KURT MUELLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:15-CV-847 (LMB/TCB) |
| | ) |
| U.S. PATENT AND TRADEMARK OFFICE, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER

After the parties fully briefed defendants' Motion to Dismiss [Dkt. No. 6] and before the Court could issue its opinion, plaintiff filed a notice of voluntary dismissal of the action under Fed. R. Civ. P. 41(a)(1)(B) in which he requests that the dismissal be without prejudice [Dkt. No. 13]. Although defendants' motion was captioned as a motion to dismiss, in essence it was a motion for summary judgment because it was based on an administrative record and extensive evidence to which the plaintiff never objected.

Given the plaintiff's pro se status, the Court will grant his motion; however, as the defendants correctly have shown, this Court does not have subject matter jurisdiction to address any of the plaintiffs' claims as to the breach of the collective bargaining agreement. As an initial matter, there is no valid waiver of sovereign immunity under 28 U.S.C. § 1346 ("Little Tucker Act") because plaintiff did not seek the requisite money damages. Moreover, even if plaintiff were permitted to amend his complaint to allege nominal damages as he suggested, equitable relief predominates his allegations and they preclude application of the Little Tucker Act. See Randall v. United States, 95 F.3d 339, 347 (4th Cir. 1996) (affirming a district court's determination that the Little Tucker Act could not establish jurisdiction because plaintiff's money damage claims in

the form of back pay were subordinate to equitable claims). Furthermore, it is plain that the Court may not exercise federal question jurisdiction under 28 U.S.C. § 1331 to decide a suit against a federal agency and two federal employees in their official capacities absent a valid waiver of sovereign immunity.

In addition, the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. ("CRSA") precludes plaintiff, a federal employee, from bringing an action for breach of a collective bargaining agreement between a federal agency and a union. "Congress intended that the CRSA would operate to the exclusion of all other statutory remedies for claims arising out of the federal employment relationship," regardless of their legal theory. Hall v. Clinton, 235 F.3d 202, 206 (4th Cir. 2000). The CRSA's remedial scheme encompasses breach of collective bargaining agreement actions. See, e.g., Price v. Lynch, No. 3:14CV619, 2015 WL 5561219, at *6, n.19 (E.D. Va. Sept. 17, 2015). As the exclusive remedial scheme here, the CRSA "prevents federal district courts from exercising jurisdiction over claims for breach of a collective bargaining agreement between a union and an agency of the [United States]." Rivera v. Holder, No. 3:10cv544, 2010 WL 5187929, at *3, n.7 (E.D.Va. Dec. 14, 2010).

It would be an act of futility, potentially subjecting plaintiff to sanctions, were he to refile his complaint or raise similar claims in the future in any district court because it is clear that there is no jurisdiction over his claims at the district court level. Accordingly, plaintiff's Motion to Dismiss [Dkt. No. 13] is GRANTED and it is hereby

ORDERED that this civil action be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to forward copies of this Order to counsel of record and plaintiff pro se.

Entered this 16th day of October, 2015.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge